**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JUL 10 2014

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR.NO. 2:14cr411-WKW |
| ) | [18 USC 922(g)(1)] |
| TOTONIO JERMAINE TIMMONS ) | |
| aka "Jolly Boy" ) | |
| ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about June 18, 2014, in Crenshaw County, within the Middle District of Alabama, the defendant,

**TOTONIO JERMAINE TIMMONS,**
aka "Jolly Boy"

having been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year, to-wit: Theft Of Property II and Burglary I (CC-04-603) and Receiving Stolen Property II (CC-09-1085) all in the Circuit Court of Montgomery County, Alabama, did knowingly possess firearms, in and affecting commerce, that is a Smith & Wesson, model 22A-1, .22 caliber semi-automatic pistol; a Remington, model 522 Viper, .22 caliber semi-automatic rifle; an Izhmash, model IZH-27EM-1C, 20 gauge over/under shotgun; a Remington, model 710, 30-06 caliber bolt action rifle; a Remington, model 700, .308 caliber bolt action rifle; and, a Ruger, model Red Label, 20 gauge over/under shotgun, better descriptions of which are unknown, in violation of Title 18, United States Code, Section 922(g)(1).

1

## FORFEITURE ALLEGATION

A.   The allegations contained in Count 1 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

B.   Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1), set forth in Count 1 of this indictment, the defendant,

TOTONIO JERMAINE TIMMONS,
aka "Jolly Boy"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense in violation of Title 18, United States Code, Section 922(g)(1). The property includes, but is not limited to:

(1)   a Smith & Wesson, model 22A-1, .22 caliber semi-automatic pistol;

(2)   a Remington, model 522 Viper, .22 caliber semi-automatic rifle;

(3)   an Izhmash, model IZH-27EM-1C, 20 gauge over/under shotgun;

(4)   a Remington, model 710, 30-06 caliber bolt action rifle;

(5)   a Remington, model 700, .308 caliber bolt action rifle; and

(6)   a Ruger, model Red Label, 20 gauge over/under shotgun.

C.   If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with, a third party;

(3)   has been placed beyond the jurisdiction of the court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson


GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

_____
KEVIN P. DAVIDSON
Assistant United States Attorney

_____
SUSAN R. REDMOND
Assistant United States Attorney

3